IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

THOMAS FRANKLIN MAY, III, #295054, )
)
     Petitioner, )
)
v. )     Case No. 3:18-cv-742-ECM-SMD
)          [WO]
CHRISTOPHER GORDY and )
STEVEN T. MARSHALL, )
)
     Respondents. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Alabama inmate Thomas Franklin May, III's ("May") petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. May challenges his 2014 Lee County convictions for capital murder and attempted murder. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that May's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

## I.    FACTS & PROCEDURAL HISTORY

### A.    The Crime

On April 6, 2011, May drove to the Opelika campus of Southern Union State Community College and fired a pistol numerous time into a van, killing his mother-in-law and wounding his ex-wife, their 4-year-old daughter, and his grandmother-in-law. May fled the scene, but later returned and was captured while admitting to a member of the news media that he was the shooter. May gave police a confession admitting that he had intended

to kill all the women in the van and that he had been angry with his ex-wife for preventing him from seeing their daughter. Doc. 10-13 at 2–4.

### B.    Conviction & Sentence

At his trial, May presented an insanity defense, which the jury rejected. On March 25, 2014, the jury found May guilty of one count of capital murder in violation of ALA. CODE § 13A-5-40(a)(17) (murder committed through use of a deadly weapon while the victim is in a vehicle) and one count of attempted murder in violation of ALA. CODE §§ 13A-4-2, 13A-6-2. Doc. 10-4 at 49–50. On May 21, 2014, the Lee County Circuit Court sentenced May to life in prison without parole for the capital-murder conviction and to life in prison for the attempted-murder conviction. The court ordered the sentences to run consecutively. Doc. 10-13 at 1.

### C.    Direct Appeal

May appealed his convictions and sentence, arguing that: (1) the trial court abused its discretion in denying his challenge for cause of a prospective juror when it granted the State's challenges for cause of three prospective jurors; (2) the trial court erred in denying his *Batson*[1] motion challenging the State's use of its peremptory strikes; (3) the trial court erred in allowing the State to present other-bad-act evidence of prior domestic incidents involving May and in giving an inadequate limiting instruction regarding that evidence; and (4) the trial court erred in denying his motion for judgment of acquittal challenging the sufficiency of the State's evidence. Doc. 10-13.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

On April 10, 2015, the Alabama Court of Criminal Appeals issued an opinion affirming May's convictions and sentence. Doc. 10-13. May applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on August 7, 2015. Docs. 10-2, 10-3.

### D.    Rule 32 Petition

On August 4, 2016, May filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition"). Doc. 10-4 at 15. In his Rule 32 petition, May presented claims that: (1) the trial court lacked jurisdiction to appoint his trial counsel because the court failed to make a valid finding of his indigency before appointing counsel; (2) he was deprived of his right to testify in his own defense; (3) the trial court "lost jurisdiction" when it instructed the jury to consider "a greater plea," i.e., the insanity defense requires a finding of the defendant's *severe* mental disease or defect; (4) he received ineffective assistance of counsel because (a) his counsel failed to inform him of his right to testify and prevented him from testifying in his own defense, (b) his counsel failed to obtain a curative instruction when the trial court instructed the jury that the insanity defense requires a finding of the defendant's severe mental disease or defect, (c) his counsel did not move to suppress his confession, (d) his counsel did not object to prejudicial other-bad-act evidence; and (e) his counsel did not object to an erroneous jury instruction regarding the presumption of responsibility of persons over the age of 14. Doc. 10-4 at 17–27, 81–84; 98–99.

On January 12, 2017, the trial court entered an order denying May's Rule 32 petition. Doc. 10-5 at 86–91. May appealed, reasserting his claim that his trial counsel was

3

ineffective for failing to inform him of his right to testify and preventing him from testifying in his own defense. Doc. 10-11. On August 30, 2017, the Alabama Court of Criminal Appeals issued an order remanding the case to the trial court with instructions for the court to hold an evidentiary hearing and make specific written findings regarding May's claim that his counsel was ineffective for failing to inform him of his right to testify and preventing him from testifying. Doc. 10-7.

In compliance with the Alabama Court of Criminal Appeals' remand order, the trial court held an evidentiary hearing on May's ineffective-assistance claim on November 8, 2017. Doc. 10-6 at 85–188. On January 26, 2018, the trial court issued a written order finding that May's trial counsel had informed May of his right to testify and that May chose not to testify. *Id*. at 83. Accordingly, the trial court denied May's claim of ineffective assistance of counsel. *Id*.

On May 28, 2018, on return from remand, the Alabama Court of Criminal Appeals issued an opinion affirming the trial court's judgment denying May's Rule 32 petition. Doc. 10-8. In its memorandum opinion, the Court of Criminal Appeals found that the only Rule 32 claim pursued by May in his Rule 32 appeal was his claim that he received ineffective assistance of counsel because his trial counsel failed to inform him of his right to testify and prevented him from testifying in his own defense. *Id*. at 2. The Court of Criminal Appeals found that, for purposes of appellate review, May had abandoned all other claims raised in his Rule 32 petition by failing to pursue those claims in his Rule 32 appeal. *Id.* May applied for rehearing, which was overruled on June 29, 2018. Doc. 10-9 at

22–37. May then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on August 10, 2018. *Id*. at 1–40; Doc. 10-10.

### E.    May's § 2254 Petition

On August 13, 2018, May initiated this habeas action by filing a § 2254 petition presenting the following claims:

1. His counsel rendered ineffective assistance by failing:

> a. to inform him of his right to testify and preventing him from testifying in his own defense;
>
> b. to obtain a curative instruction regarding the trial court's erroneous instruction on the insanity defense;
>
> c. to move to suppress his confession,
>
> d. to object to the admission of prejudicial other-bad-act evidence; and
>
> e. to object to an erroneous jury instruction regarding the presumption of responsibility of persons over the age of 14.

2. He was denied due process when the trial court appointed his trial counsel "without proceeding as constitutionally required."

3. He was deprived of his right to testify in his own defense.

4. The trial court "changed" his original plea by instructing the jury that the insanity defense requires a finding of the defendant's severe mental disease or defect.

Doc. 1 at 6–7.

On November 13, 2018, May filed an amendment to his § 2254 petition asserting claims that: (1) ALA. CODE § 15-16-2, the Alabama statute regarding the presumption of responsibility of persons over the age of 14, "imposed a presumption" that invaded the

jury's fact-finding function, deprived him of due process, and "swayed the jury" to return a guilty verdict; and (2) he was denied due process as a result of the Alabama judiciary's and legislature's failure to "correct the language" of his plea to reflect the insanity defense under ALA. CODE § 13A-3-1. Doc. 15 at 1–3.

## II.   DISCUSSION

### A.   AEDPA Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (quotes and cite omitted). This court cannot disturb state court rulings on fully adjudicated issues unless they:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

And "2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent." *Means v. Sec'y, Dep't of Corrs.*, 433 F. App'x 852, 853 (11th Cir. 2011). Even if a state court's decision is unaccompanied by any legal

analysis or explanation, the petitioner must still show there was no reasonable basis for the state court to deny relief. *Johnson v. Sec'y, Dep't of Corrs.*, 643 F.3d 907, 930 n.9 (11th Cir. 2011). This court also must presume state court factual determinations to be correct; petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

**B.      Ineffective Assistance of Counsel: Denial of Right to Testify**

May claims his trial counsel rendered ineffective assistance by failing to inform him of his Sixth Amendment right to testify and preventing him from testifying in his own defense. Doc. 1 at 6. Respondents argue that the state courts correctly rejected this claim on the merits. Doc. 10 at 9–12.

The Sixth Amendment right of a defendant to testify at his criminal trial is both fundamental and personal to him. *See Rock v. Arkansas*, 483 U.S. 44, 52 (1987). When counsel prevents a defendant from exercising this fundamental right, counsel's actions fall "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). *Strickland* sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Id.* at 687. This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688, 694.

An attorney's performance is presumed to have been reasonable and must not be examined aided by judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). Federal courts apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691). A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlo*w, 571 U.S. 12, 15 (2013) (quotation marks and citation omitted).

In this case, May presented the claim that his trial counsel rendered ineffective assistance by failing to inform him of his right to testify and preventing him from testifying in his Rule 32 petition, and he litigated the claim to exhaustion in the state appellate courts. The trial court held an evidentiary hearing on the claim pursuant to a remand order by the Alabama Court of Criminal Appeals. After hearing testimony on this issue from May and from his lead trial counsel, William Whatley, the trial court found that counsel had informed May of his right to testify and that May chose not to testify. Doc. 10-6 at 83. Accordingly, the trial court denied May's claim of ineffective assistance of counsel. *Id*.

In summarizing the evidence presented at the evidentiary hearing, the trial court noted the testimony of lead counsel Whatley that he met with May at least 18 times outside of trial to discuss and prepare for the case; that Whatley and May agreed that, due to the nature of the evidence against May (including May's confession), the goal would be to save May from receiving the death penalty if convicted of capital murder; that Whatley

8

advised May of his right to testify and discussed the pros and cons of taking the stand; that Whatley never told May he could *not* testify; that after numerous discussions about trial strategy, May and Whatley (and co-counsel) agreed it was in May's best interest not to testify; that May never insisted upon testifying; and that May understood the decision not to testify. Doc. 10-6 at 79–80, 132–40.

In its opinion affirming the trial court's denial of May's Rule 32 petition, the Alabama Court of Appeals held that May failed to satisfy the *Strickland* standard for his ineffective-assistance claim and therefore he was entitled to no relief on this issue. Doc. 10-8. In pertinent part, the Court of Criminal Appeals stated:

> Here, the only evidence May presented at the evidentiary hearing was his own self-serving testimony. The State rebutted May's claim by presenting testimony from trial counsel, who testified that he had advised May of his right to testify and that he and May had agreed that, as a matter of trial strategy, May should not testify in his own defense. *State v. Gissendanner*, [Ms. CR-09-0998, Oct. 23, 2015] ___ So. 3d ___, ___ (Ala. Crim. App. 2015) ("'Counsel's competence . . . is presumed, . . . and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy.'" (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986))). In denying May's petition, the circuit court determined that May's testimony was not credible and that his arguments were without merit. The circuit court's determination that May's testimony lacked credibility is beyond this Court's review. *Clark v. State*, 196 So. 3d 285, 300 (Ala. Crim. App. 2015) ("'The credibility of witnesses is for the trier of fact, whose finding is conclusive on appeal. This Court cannot pass judgment on the truthfulness or falsity of testimony or on the credibility of witnesses.'" (quoting *Hope v. State*, 521 So. 2d 1383, 1387 (Ala. Crim App. 1988))). The circuit court's findings are supported by the record. *See Hunt v. State*, 940 So. 3d 1041, 1055 (Ala. Crim. App. 2005). Accordingly, the circuit court did not err in denying this claim, and May is not entitled to any relief on this issue.

Doc. 10-8 at 4.

Upon consideration of the record and the relevant legal principles, the undersigned finds that the state court decision rejecting May's ineffective-assistance claim was neither contrary to nor an unreasonable application of *Strickland* and that the decision did not involve an unreasonable determination of the facts in light of the evidence presented. May fails to rebut by clear and convincing evidence the presumption of correctness given to the state court's determinations of fact. Thus, May is entitled to no relief on this claim.

### C.      **Procedurally Defaulted Claims**

#### 1.      **Exhaustion**

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See, e.g.*, 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To fully exhaust a claim, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—i.e., a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See, e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); ALA. R. APP. P. 39 & 40. The exhaustion requirement applies to state post-

conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

### 2. Adequate and Independent State Grounds

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 722. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

### 3. May's Remaining Claims Are Procedurally Defaulted.

#### a. *Claims Abandoned on Rule 32 Appeal*

May's § 2254 petition contains the following claims, each of which he raised in his Rule 32 petition:

- Counsel was ineffective for failing to obtain a curative instruction regarding the trial court's erroneous instruction on the insanity defense. Doc. 1 at 6.

- Counsel was ineffective for failing to move to suppress May's confession. *Id*.

- Counsel was ineffective for failing to object to the admission of prejudicial other-bad-act evidence. *Id*.

- Counsel was ineffective for failing to object to an erroneous jury instruction regarding the presumption of responsibility of persons over the age of 14. *Id*.

- May was denied due process when the trial court appointed his trial counsel "without proceeding as constitutionally required." *Id*.

- May was deprived of his right to testify in his own defense. *Id*.

- The trial court "changed" his original plea by instructing the jury that the insanity defense requires a finding of the defendant's severe mental disease or defect. *Id*. at 7.

May failed to pursue these claims in his Rule 32 appeal. *See* Doc. 10-11. In its opinion affirming the trial court's denial of May's Rule 32 petition, the Alabama Court of Criminal Appeals found that May abandoned these claims for purposes of appellate review by failing to pursue them in his appeal. Doc. 10-8 at 2. The Court of Criminal Appeals' application of the procedural bar to appellate review of these claims constituts an "adequate and independent state procedural ground" for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts.[2] *See, e.g.*, *Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995); *Burks v. States*, 600 So. 2d 374, 380 (Ala. Crim. App. 1991). Consequently, May's claims are procedurally defaulted. *See Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990) (claims

---

[2] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

raised during the state postconviction process that are not appealed are barred from federal habeas corpus review).

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (internal quotations and emphasis omitted).

Although afforded an opportunity to do so, May sets forth no grounds as "cause" excusing his procedural default of his claims. *See* Doc. 11. He also fails to assert and demonstrate his actual innocence as a gateway for review of his defaulted claims. Because May fails to assert cause or establish actual innocence to excuse his procedural default, the claims that he abandoned on appeal from the denial of his Rule 32 petition are foreclosed from federal habeas review.

### b.    *Claims Raised for First Time in § 2254 Proceeding*

In his November 13, 2018 amendment to his § 2254 petition, Mays asserts claims that: (1) ALA. CODE § 15-16-2, the Alabama statute regarding the presumption of responsibility of persons over the age of 14, "imposed a presumption" that invaded the

jury's fact-finding function, deprived him of due process, and "swayed the jury" to return a guilty verdict; and (2) he was denied due process as a result of the Alabama judiciary's and legislature's failure to "correct the language" of his plea to reflect the insanity defense under ALA. CODE § 13A-3-1.[3] Doc. 15 at 1–3. These claims are presented for the first time in May's § 2254 proceeding. Therefore, they were not subjected to a full round of review in the state courts and are unexhausted. *O'Sullivan*, 526 U.S. at 845. Any attempt by May to return to the state courts to present these claims would be futile because it is too late for May to present them on direct appeal or in a Rule 32 petition. The exhaustion and preclusion rules coalesce into the procedural default of these claims. *See, e.g.*, *Coleman*, 501 U.S. at 735 n.1; *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Even if these claims were presented in some form in May's Rule 32 petition, they were deemed abandoned in May's appeal from the denial of his Rule 32 petition. The determination by the Alabama Court of Criminal Appeals that the claims were abandoned would constitute an "adequate and independent state procedural ground" for denying these claims. *See Harris*, 489 U.S. at 264 n.10. Thus, if these claims are considered to have been presented in some form in May's Rule 32 petition, they are nonetheless procedurally defaulted.

Although allowed a chance to do so, May does not assert any ground as cause excusing his procedural default of these claims. May also does not establish his actual innocence. Consequently, these claims are foreclosed from federal habeas review.

---

[3] These matters are listed as three claims in May's amendment. For purposes of clarity, the court has characterized these matters as presenting two claims.

### 4.    May Demonstrates No Merit in His Defaulted Claims.

While not necessary to this court's disposition of May's § 2254 petition, the court finds May fails to demonstrate any merit to his procedurally defaulted claims. One of the defaulted claims in May's § 2254 petition is his substantive claim that he was deprived of his right to testify in his own defense. Doc. 1 at 6; Doc. 10-4 at 18–19, 98–99.[4] May's claim that his counsel was ineffective for failing to inform him of his right to testify and preventing him from testifying in his own defense is raised as a separate and independent claim in his petition. *Id.* The merits of the ineffective-assistance claim are discussed above in this Recommendation. Because the ineffective-assistance claim has been shown to lack merit, there is no merit to May's substantive claim that he was deprived of his right to testify in his own defense.

May also claims that the trial court "changed" his original plea by instructing the jury that the insanity defense requires a finding of the defendant's severe mental disease or defect. Doc. 1 at 7; Doc. 10-4 at 19. In a related claim, May argues that his counsel was ineffective for failing to obtain a curative instruction regarding the trial court's allegedly erroneous instruction on the insanity defense. Doc. 1 at 6; Doc. 10-4 at 20. May also claims he was denied due process as a result of the Alabama judiciary's and legislature's failure to "correct the language" of his plea to reflect the insanity defense under ALA. CODE § 13A-3-1. Doc. 15 at 1–3. All of these claims are premised on May's contention that his original plea of not guilty by reason of mental disease or defect was altered by the trial

---

[4] May's claims are set forth in a cursory manner in his § 2254 petition. Therefore, the court has referred to his Rule 32 petition to obtain the context of some of his claims.

court's instructing the jury that the insanity defense requires a finding of *severe* mental disease or defect. The trial court's instruction, however, set forth the correct standard for the insanity defense. *See* ALA. CODE § 13A-3-1. That the insanity defense requires a finding of "severe mental disease or defect" does not "change" a defendant's plea any more than an instruction regarding the burden of proof changes a plea of "not guilty." Because May's underlying argument lacks merit, all his claims premised on the argument likewise lack merit.

Additionally, May claims that his counsel was ineffective for failing to move to suppress his confession. Doc. 1 at 6; Doc. 10-4 at 21. This claim lacks a basis in fact because May's counsel did move to suppress his confession. *See* Doc. 10-5 at 87–88. May points to no facts or arguments not presented by counsel that, if presented, would likely have succeeded in having May's confession suppressed. May's claim therefore lacks merit.

May further claims that his counsel was ineffective for failing to object to the admission of prejudicial other-bad-act evidence. Doc. 1 at 6; Doc. 10-4 at 21. However, May's counsel did object to the admission of evidence of prior domestic incidents. And the trial court gave the jury a limiting instruction regarding that evidence. May pursued the issue on direct appeal, and the Alabama Court of Criminal Appeals held that the evidence was properly admitted and that the trial court's limiting instruction minimized the prejudicial impact of the evidence. Doc. 10-13 at 13. May also suggests that his counsel was ineffective for failing to object to other testimony in which a witness allegedly stated that May had encouraged the witness to kill her own husband. Doc. 10-4 at 21, 81–84. However, any fair reading of the testimony in question reveals that the witness did not state

16

or imply that May encouraged her to kill her own husband. *See* Doc. 10-5 at 89–90. May does not show that his counsel performed deficiently by failing to object to this testimony or that he was prejudiced by this testimony. Thus, May's claim lacks merit.

May also claims that his counsel was ineffective for failing to object to an allegedly erroneous jury instruction regarding the presumption of responsibility of persons over the age of 14. Doc. 1 at 6; Doc. 10-4 at 22–23. Additionally, May claims that ALA. CODE § 15-16-2, the Alabama statute regarding the presumption of responsibility of persons over the age of 14, "imposed a presumption" that invaded the jury's fact-finding function, deprived him of due process, and "swayed the jury" to return a guilty verdict. Doc. 15 at 1–3. The presumption of responsibility set forth in § 15-16-2 does not create a burden-shifting presumption and is not contrary to due process under the Fourteenth Amendment. *See, e.g.*, *Williams v. Allen*, 598 F.3d 778, 798–800 (11th Cir. 2010); *Patterson v. New York*, 432 U.S. 197, 202–09 (1977) (explaining that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all elements included in the definition of the offense of which defendant is charged, but proof of nonexistence of all affirmative defenses is not constitutionally required); *Watters v. State*, 369 So. 2d 1262, 1270–71 (1978). The statute is constitutional and does not invade any constitutional right of the defendant in imposing upon him the burden of proving the plea of insanity. May's claims therefore lack merit.

May further claims he was denied due process when the trial court appointed his trial counsel "without proceeding as constitutionally required." Doc. 1 at 6. According to May, the trial court failed to make a valid finding of his indigency before appointing his trial counsel because May's affidavit of indigency was not notarized, a requirement of ALA.

17

CODE § 15-12-5(c) and ALA. R. CRIM. P 6.3(b). Doc. 10-4 at 17–18. May fails to point to any controlling law or otherwise demonstrate that the alleged deficiencies in his affidavit of indigency deprived the trial court of authority to appoint his trial counsel or deprived him of due process of law under the United States Constitution. Thus, his claim fails.

## III.    CONCLUSION

For these reasons, the undersigned RECOMMENDS that May's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **August 2, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of July, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE